IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| READING INTERNATIONAL, INC., a Nevada corporation,<br><br>       Plaintiff,<br><br>  vs.<br><br>THE MALULANI GROUP, LIMITED, a Hawaii corporation,<br><br>       Defendant. | CIVIL NO. 13-00133 JMS-KSC<br><br>FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S OBJECTION TO DEFENDANT THE MALULANI GROUP, LIMITED'S BILL OF COSTS |

FINDINGS AND RECOMMENDATION REGARDING
PLAINTIFF'S OBJECTION TO DEFENDANT THE
MALULANI GROUP, LIMITED'S BILL OF COSTS

On September 8, 2014, Defendant The Malulani Group, Limited ("Defendant") filed a Bill of Costs ("BOC"). On September 15, 2014, Plaintiff Reading International, Inc. ("Plaintiff") filed an Objection to the BOC. The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice for the U.S. District Court for the District of Hawaii ("Local Rules").

Defendant requests $8,988.58 in costs - $911.00 in clerk fees; $30.00 in summons/subpoena fees;

$1,068.24 in transcript fees; $24.90 in printing fees; $40.00 in witness fees; $5,795.50 in copying fees; and $1,118.94 in other costs. Plaintiff asks that the Court deny the request for costs because 1) Defendant did not fully comply with the Local Rules; 2) most of the requested costs are improper; and 3) Defendant has not properly supported its request.

Rule 54(d)(1) of the Federal Rules of Civil Procedure ("FRCP") provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs-other than attorney's fees-should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The Local Rules provide that "[t]he party entitled to costs shall be the prevailing party in whose favor judgment is entered, or shall be the party who prevails in connection with a motion listed in LR54.2(b)." Local Rule 54.2(a).

Here, Defendant is the prevailing party in this action, judgment having entered in its favor on August 25, 2014. The question then is whether Defendant is entitled to the requested costs.

Courts have the discretion to award costs pursuant to Rule 54(d). See Yasui v. Maui Electric Co., Ltd., 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999). However, this discretion is not unlimited. Ass'n of Mexican-American Educators v. Cal., 231 F.3d 572, 591 (9th Cir. 2000). Courts may only tax the costs specified in 28 U.S.C. § 1920. See Yasui, 78 F. Supp. 2d at 1126 (citing Alflex Corp. v. Underwriters Laboratories, Inc., 914 F.2d 175, 177 (9th Cir. 1990); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987)). Section 1920 enumerates the following costs:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;

> (6) Compensation of court appointed
> experts, compensation of interpreters, and
> salaries, fees, expenses, and costs of
> special interpretation services under
> section 1828 of this title.

28 U.S.C. § 1920; Yasui, 78 F. Supp. 2d at 1126. The burden is on the losing party to demonstrate why costs should not be awarded. Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079 (9th Cir. 1999).

If a district court declines to award costs, it must specify its reasons for doing so. Ass'n of Mexican-American Educators, 231 F.3d at 591. On the other hand, a "district court need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award." Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003).

As an initial matter, the Court addresses Plaintiff's contention that Defendant has not complied with the Local Rules. The Court agrees that Defendant has failed to comply with the strictures of Local Rule 54.2. Specifically, Defendant did not file a

memorandum setting forth the bases and authorities supporting its request. Local Rule 54.2(c). Neither did Defendant submit an affidavit verifying the accuracy and necessity of the requested costs, nor representing that it conferred with Plaintiff in an effort to resolve disputes. Id. Finally, although mandated by Local Rule 54.2(c), Defendant failed to provide sufficient documentation to support the requested costs. Id. For these reasons, the Court recommends that the BOC be denied.

Although the Court is recommending denial of the BOC due to Defendant's failure to comply with Local Rule 54.2, the Court will discuss each category of requested fees to demonstrate that even with an evaluation of the request on its merits, the BOC would be denied because it is insufficiently supported.

A. <u>Filing Fees</u>

Defendant requests $911.00 in fees of the clerk, but as asserted by Plaintiff, Defendant has not explained what these fees represent, or supplied any arguments justifying its entitlement to the same.

Therefore, the Court recommends that the request be DENIED.

Local Rule 54.2(c) is abundantly clear about what is required of a party seeking to recover costs. Inasmuch as Defendant blatantly disregarded the Rule, the Court does not believe it would be appropriate to grant leave to file additional briefing to cure the deficiencies of the BOC.  Local Rule 54.2 does not authorize the filing of a response to an objection. This reflects the expectation that all of the requisite information and arguments will be included at the time the BOC is filed.  Indeed, in the event no objections are filed, the Clerk's office must have before it all relevant information to tax appropriate costs.

B.  <u>Summons/Subpoena Fees</u>

Defendant requests $30.00 in fees for service of the summons and subpoena.  Local Rule 54.2(f)(1) authorizes fees "for the service of process and service of subpoenas by someone other than the marshal," but any such fees must be "reasonably required and actually incurred."  Local Rule 54.2(f)(1).  Defendant has not

6

explained why it incurred these fees, nor attested that the fees were reasonably required. Accordingly, the Court recommends that the request be DENIED.

C. Transcript Costs

Defendant requests $1,068.24 for transcript costs.[1] Section 1920(2) authorizes the recover of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Even though the costs are statutorily recoverable, the Court declines to tax them because Defendant has not represented that the costs were necessarily obtained for use in the case, much less that expedited fees were justified.

D. Printing Costs

Defendant seeks $24.90 in fees and disbursements for printing, but has not provided documentation or explained the basis for this cost.

---

[1] Defendant's "Transcript Fees" table totals $1,473.68, but includes a duplicate of the expedited fee for the 8/4/14 hearing transcript. That same cost is also included a third time in the "Messenger and other fees" table.

Consequently, the Court recommends that the request for printing costs be DENIED.

E. Witness Fees

Defendant requests $40.00 in reimbursement of witness fees for David Fairbanks. Witness fees are taxable pursuant to § 1920(3). Local Rule 54.2(f)(3) further specifies that "[p]er diem, subsistence, and mileage payments for witnesses are allowable to the extent reasonably necessary and provided for by 28 U.S.C. § 1821." Local Rule 54.2(f)(3); see also Clausen v. M/V New Carissa, 339 F.3d 1049, 1064 (9th Cir. 2003) (stating that witness fees are taxable costs under § 1920(3), but are limited to forty dollars per day under 28 U.S.C. § 1821(b)). Insofar as Plaintiff represents that Mr. Fairbanks was not deposed, the Court declines to tax this cost.[2]

F. Copying Costs

Defendant requests reimbursement for $5,795.50 in copying costs. Section 1920(4) explicitly provides

---

[2] The Court is perplexed as to why Defendant would request this cost when Mr. Fairbanks was not deposed.

for the taxation of copying costs. 28 U.S.C. § 1920(4). Local Rule 54.2(f)(4) sets forth specific requirements that must be met.

> The cost of copies necessarily obtained for use in the case is taxable provided the party seeking recovery submits an affidavit describing the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied. The practice of this court is to allow taxation of copies at $.15 per page or the actual cost charged by commercial copiers, provided such charges are reasonable. The cost of copies obtained for the use and/or convenience of the party seeking recovery and its counsel is not allowable.

Local Rule 54.2(f)(4). In support of its request for copying costs, Defendant submitted invoices that were redacted in their entirety, with the exception of the total cost of document reproduction. This is grossly deficient. Defendant has not included any of the information required by Local Rule 54.2(f)(4). Without such information, the Court is unable to evaluate the reasonableness of the request, nor ascertain whether the copies were necessarily obtained for use in the case, or whether the copies were simply for the use

and/or convenience of Defendant and its counsel. As such, the Court recommends that the copying costs be DENIED.

G. <u>Miscellaneous Costs</u>

Finally, Defendant seeks to recover $1,118.94 in miscellaneous costs, which are comprised primarily of messenger costs, along with conference call costs and an expedited hearing transcript cost. None of these costs are authorized by § 1920, except the hearing transcript cost. However, as earlier noted, this hearing transcript was also included in the request for transcripts.[3] The Court therefore recommends that the request for miscellaneous costs be DENIED.

CONCLUSION

Based on the foregoing, this Court FINDS and RECOMMENDS that Plaintiff's Objection, filed September 15, 2014, be SUSTAINED, and that the BOC, filed September 8, 2014, be DENIED.

---

[3] Defendant should refrain from making duplicate requests for reimbursement.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, September 16, 2014.



_____
Kevin S.C. Chang
United States Magistrate Judge

CV 13-00133 JMS-KSC; Reading Int'l, Inc. v. The Malulani Group, Limited; FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S OBJECTION TO DEFENDANT THE MALULANI GROUP, LIMITED'S BILL OF COSTS